THOMAS J. BATA et al.,
Plaintiffs,

*vs.*

DONALD M. HILL et al.,
Defendants.

*New Castle, July 16, 1962.*

*Robert H. Richards, Jr.,* of Richards, Layton & Finger, Wilmington, and *Sullivan & Cromwell,* New York City, for plaintiffs.

*Thomas Herlihy, Jr.,* and *Herman Cohen,* Wilmington, for defendants Donald M. Hill, Jr., and Donald M. Hill, Jr., Executor of the Will of Donald M. Hill.

SEITZ, Chancellor: Plaintiffs brought an action to determine the ownership of certain stock. Among those joined as defendants were Donald M. Hill (now by his executor) and Donald M. Hill, Jr. ("Hills"). They were joined because they, through their positions, controlled certain of the stock involved. This court decided the principal controversy in plaintiffs' favor. *Bata v. Hill,* 37 *Del.Ch.* 96, 139 *A.2d* 159. Thereafter an argument developed over the form of the judgment thereon. At that time the Hills sought to preserve in the judgment their right to file later a petition for compensation for services rendered. Rather than insert such a provision the court entered an order dated April 1, 1958 authorizing the filing, inter alia, of such a petition but directing that it be filed by April 21, 1958.

The Hills then filed their petition, whereupon plaintiffs moved to dismiss or strike the petition on the grounds that it came too late and was not properly asserted against plaintiffs. This court ruled in *Bata v. Hill,* 37 *Del.Ch.* 363, 143 *A.2d* 728, that the motions should be

denied, saying, however, that the court was not considering the merits of the controversy. On September 15, 1958, an order was entered denying the motions. It also provided that the time for filing an answer to the petition should be twenty days after final determination of any appeal from the judgment on the merits of the principal action.

After the affirmance on appeal the plaintiffs filed an answer and counterclaim to the Hills' petition. It contains a typical paragraph by paragraph answer. It then contains eight separate "defenses." The Hills then moved to strike the first six separate defenses and moved to dismiss or strike, or for summary judgment as to the set-off and counterclaim found in the eighth separate "defense." This is the decision on those motions.

The Hills say that the subject matter of the first six separate defenses has in effect been held to be without merit by this court's prior ruling found in 143 *A.2d* 728. I consider the defenses mentioned.

The first separate defense is that the petition fails to state a claim on which relief can be granted. The full sweep of this "boiler plate" objection cannot be evaluated at this stage. Certainly, as to the area covered by my prior opinion and order thereon, it lacks merit. But plaintiffs may have other legitimate reasons to advance to the court. Therefore, in the exercise of discretion, I decline to strike the first separate defense.

The second separate defense is that the petitioners have an adequate remedy at law. This is a jurisdictional defense and must be allowed to stand unless it has already been resolved against plaintiffs. I cannot find where I have flatly ruled on this issue. Thus, the motion to strike it must be denied. If it is to be passed upon, counsel should bring it before the court promptly and before going into a hearing on the merits.

The third separate defense is to the effect that the Hills' petition is out of order because it was not filed as a counterclaim under *Rule* 13(a), *Del. C. Ann.* I believe my opinion of June 25, 1958 (143 *A.2d* 728) effectively disposed of this defense in favor of the Hills. The motion to strike this defense will be granted.

■ The fourth separate defense charges laches. Based on the facts appearing in the opinion of June 25, 1958, I there concluded that the claims were not barred because they came too late. To the extent the plaintiffs rely on the undisputed facts cited in that opinion it follows that the defense of laches is without merit. However, I cannot assume that plaintiffs' defense of laches is limited to such facts. Consequently, the motion to strike must be denied.

■ The fifth separate defense is that the Hills' claim is restricted to a claim against defendant, Jan Bata, because none of the claimed services were rendered to North River. This defense really poses an issue on the merits, viz., did the Hills render compensable services to or for the benefit of plaintiffs? Certainly, this issue was not resolved by my prior rulings. The motion to strike this defense is denied.

■ The sixth separate defense pleads the statute of limitations. Based on the facts appearing in the opinion of June 25, 1958, I there concluded that the claims were not barred because they came too late. To the extent the plaintiffs rely on the undisputed facts cited in that opinion it follows that the defense of statute of limitations is without merit. However, I cannot assume that plaintiffs' defense of statute of limitations is limited to such facts. Consequently, the motion to strike must be denied.

There is no issue as to the seventh separate defense.

The eighth separate defense consists of a set-off and counterclaim. The Hills concede that the plaintiffs properly filed an answer to the petition. They contend that the set-off and counterclaim should nevertheless be stricken because they came too late, pointing, inter alia, to the death of Donald M. Hill as a prejudicial factor.

■ I am satisfied that the court, in the exercise of discretion, had the power to handle the matter by deferring the filing of an answer until the disposition of the appeal. This approach was necessary because until the appeal on the merits of the principal case was determined, the party interested in resisting the petition could not be identified. Certainly there can be no question as to plaintiffs' right to assert the set-off. Nor can I find any basis for striking the counter-

claim because of the delay in asserting it. The factor of Donald Hill's death in the intervening period cannot work to plaintiffs' disadvantage under the circumstances. Nor do I see any reason why the subject matter of the set-off and counterclaim should not be asserted since it deals with the same area as is involved in the Hills' claim.

I conclude that the motions to dismiss, or strike and for summary judgment as to the eighth separate defense should be denied.

Present order on notice.